WOLF et al., Defendants in Error, vs. ROBINSON et al., Plaintiffs in Error.

1. The heirs of an intestate, by obtaining a decree for the legal title to real estate of which he died seized in equity, cannot defeat the right of the administrator to sell his equity for the payment of debts ; and the purchaser at the administration sale may enforce a conveyance of the legal title.

2. The title of the purchaser at an administration sale does not depend upon the truth of the facts stated in the petition upon which the order of sale was made. This cannot be contested in a collateral proceeding.

*Error to Franklin Circuit Court.*

This was a petition to obtain the legal title to certain real estate in the town of Washington.

Charles Eberius died in 1839, leaving the defendants his heirs at law. At the time of his death, he held a title bond for the property in controversy. After his death, the defendants, in a statutory proceeding against the administratrix of the obligor in the bond to enforce a specific performance, obtained a decree vesting in them the legal title. Afterwards, the administrator of Eberius, upon a petition to the county court, representing that the personal estate of the intestate was insufficient to pay his debts, and accompanied by the proper lists and inventories, obtained an order for the sale of the real estate.

The plaintiffs claim by regular conveyances under the sale thus made, as to the regularity of which there was no dispute, except as hereinafter stated.

The above facts appear in the petition of the plaintiffs.

The defendants answered, admitting the material facts stated in the petition, but relying upon the decree as conclusive of their title, and alleging that no necessity existed for the sale by the adminstrator of Eberius, as the personal estate was sufficient to have paid all the debts of the intestate, if it had not been wasted.

This answer was stricken out; and a decree was afterwards entered vesting the legal title in the plaintiffs, according to the prayer of their petition. The defendants appealed.

*J. D. Stevenson*, for plaintiffs in error.

*N. Holmes*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

1. The heirs of Eberius, by obtaining a decree for the legal title to the estate of which he died seized in equity, could not defeat nor affect the right of the administrator of Eberius to sell his equity in the land for the payment of the debts due by his intestate. This is no proceeding to invalidate the decree obtained by the heirs of Eberius, vesting them with the legal title to the land in controversy ; so far from it, it affirms the validity of that decree, and seeks a conveyance of the title obtained by it.

2. There is nothing in the answer which affects the purchasers under the administrator's sale with notice of any irregularity in that proceeding. The county court had jurisdiction of the subject matter of the suit. A decree for the sale of the land was regularly pronounced, and it is not competent for the heirs, in a collateral proceeding, to contest the truth of the facts on which the order of sale was made. They should have appealed from the order, if it was not warranted by the circumstances. They cannot now gainsay the fact that the sale of the real estate was necessary for the payment of the debts. That matter has passed *in rem judicatam* and cannot now be con-

troverted but for fraud, to which it must be shown that the plaintiffs were privy. That an administrator, by a maladministration of the assets of an estate, had rendered a sale of the real estate necessary for the payment of the debts, is no objection to the validity of a title acquired by a purchaser at such sale. A purchaser is not bound to maintain the truth of the facts on which an order of sale of the real estate of a decedent is based. With the concurrence of the other judges, the judgment will be affirmed.